■ In the Matter of KERMA RESTAURANT CORPORATION, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination of State Liquor Authority, revoking petitioner's special on-premises liquor license for premises located at 571 Amsterdam Avenue, confirmed, with $50 costs and disbursements to respondent. While we agree the mere congregation of homosexuals, where there is no breach of the peace, does not make the premises disorderly within the meaning of subdivision 6 of section 106 of the Alcoholic Beverage Control Law, the record substantiates the charge. A police officer testified that on February 4, 1966, several of the patrons exhibited characteristics and mannerisms which evidenced homosexual propensities; that he heard male patrons address each other in endearing terms and saw several of them sit on the laps of others; that he was solicited by a male patron for a lewd and indecent act; that only male patrons were present; that the president of the licensee was the sole female and was in charge of the premises; that she was able to control the door to the premises by the use of a buzzer located behind the bar; that she was able to see and overhear what transpired in the bar and restaurant portion of the premises; that the male who, on February 4, 1966, solicited the police officer for the indecent act, on April 12, 1966 pleaded guilty to a violation of subdivision 8 of section 722 of the Penal Law. The determination is supported by substantial evidence, and the penalty imposed is not excessive in the circumstances. Concur— Steuer, J. P., Tilzer, Rabin and McNally, JJ.; McGivern, J., dissents in the following memorandum: I dissent and would reverse the Authority's determination. There was no evidence that the premises herein had consistently become the habitat of homosexuals, and to the knowledge of the proprietor. All we have is the testimony of a solitary policeman, after one visit of less than two hours. And his testimony was controverted by the proprietor and three witnesses. Furthermore, his arrest smacks of entrapment. The presence of fellow patrolmen in a convenient taxi indicates that the arrest was preplanned and contrived. There simply is not substantial evidence to warrant cancellation of the license on the grounds that the premises were disorderly. Particularly, in the absence of any adverse past history with respect to the premises or the sole stockholder who was on the premises, the acts herein neither singly nor in relation to each other constitute that substantial evidence requisite to a cancellation of petitioner's license. (See *Matter of Matty's Rest.* v. *New York State Liq. Auth.*, 21 A D 2d 818, affd. 15 N Y 2d 659.)

■ In the Matter of KERMA RESTAURANT CORPORATION, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Motion for an order directing State Liquor Authority to issue a restaurant liquor license to petitioner dismissed, having become moot by virtue of the decision of this court in *Matter of Kerma Rest. Corp.* v. *State Liq. Auth.*, 27 A D 2d 978) decided herewith. Concur— Eager, J. P., Steuer, Capozzoli, Tilzer and Rabin, JJ.